## Commonwealth v. De Massa

*Edward M. Hawes* of *Wright, Mauck & Hawes,* for appellant.

*J. Stroud Weber,* assistant district attorney, for Commonwealth.

KNIGHT, P. J., April 2, 1943.—Defendant is a store-keeper in Bridgeport, Montgomery County, Pa. He was arrested upon a complaint charging him with a violation of section 4, paragraphs 1 and 2, of the Act of May 13, 1909, P. L. 520, taken before a justice of the peace and, after hearing, fined $60 and costs. He now seeks leave to appeal on the ground that a doubtful legal question was involved in his arrest and that his conviction rests upon an erroneous understanding and misapplication of the law by the justice of the peace.

A well-recognized ground for allowance of an appeal from a summary conviction is that a doubtful legal question is involved. The petition for the allocatur should state what the legal question is so that the court can determine, in the first instance, if there is a real question to be considered. We are of the opinion that the petition in this case sufficiently sets forth that a doubtful legal question is involved and what that question is.

Defendant openly displayed for sale in his store, and sold to the public, a small bottle containing a substance

resembling in color olive oil. The label upon the bottle contained these words, in letters all the same size, and arranged as follows:

Suzanne
Imitation
Olive Oil
Flavored
Soya Bean Oil

Another label on the bottle showed the ingredients of the substance and did not contain the word "olive". The bottle sold for but a fraction of the cost of a similar quantity of olive oil.

Section 4 of the Act of 1909, supra, provides:

"That for the purpose of this act, an article shall be deemed to be misbranded,—First. If it be an imitation of, or offered for sale under, the name of another article."

Immediately the question arises: Does this cover the case of an article plainly labeled as an imitation, or is it confined to those cases where the imitation is sold as the real thing? This is a question of law involving the interpretation of the statute. Any fair reading of the label seems to indicate that the substance was not sold as olive oil and that there was no intent to deceive the purchaser.

The relevant portion of the second paragraph of section 4 of the Act of 1909 provides that an article shall be deemed misbranded if it be labeled or branded so that it may deceive or mislead the purchaser.

While we pass no opinion at this time on the questions of fact involved, it may be a serious question of law whether the justice of the peace had any evidence upon which to base his conviction. It is also a legal question whether the law as pronounced in both paragraphs of section 4 of the Act of 1909 was not misapplied to the facts of this case. While this case, in the last analysis, may come down to a question of law, we deem it inappropriate to discuss the legal aspects at

this time. We do decide that a substantial question of law is involved and that the case is a proper one for review by this court.

And now, April 2, 1943, the rule is made absolute, and the appeal allowed.